UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

CYRISSE ALLEN,                                     :
                                                   :
    Plaintiff(s),                                 :
v.                                                 :     Case No.
                                                   :     Jury Trial Demanded
MIDLAND FUNDING, LLC. and
MIDLAND CREDIT MANAGEMENT, INC.

    Defendant(s).
_____/

**Defendant Midland Funding, LLC Resident Agent**: Midland Credit Management, Inc in 320 East Big Beaver, Suite 300, Troy MI 4808.

**Midland Credit Management, Inc. Resident Agent**: Midland Funding, LLC in 320 East Big Beaver, Suite 300, Troy MI 48083.

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff CYRISSE ALLEN ("Plaintiff" or "Allen") by and through counsel, The Law Offices of Brian Parker, PC and bring this Action against the above listed Defendants, Midland Funding, LLC (hereinafter referred to as "Midland") and Midland Credit Management, Inc. (hereinafter referred to as "MCM"):

**I.   PRELIMINARY STATEMENT OUTLINING THE LAW IN THIS CASE**

1.

Defendants are suing Plaintiff Allen on a time barred debt from the Original Creditor, GE Capital in the 47th District Court in Farmington Hills, MI in violation of Michigan's Statute of Limitations at MCL 600.5807 *et seq*.

Plaintiff brings this action for damages and injunctive relief based upon the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and The Regulation of Collection Practices Act (RCPA), and codified at MCL 445.251 *et seq*.

## II.   FACTS OF THE CASE AGAINST DEFENDANT

2.

Based upon the action and servicing of the debt by Defendant Midland Credit Management, Inc. (**See Exhibit 3**) Defendant Midland is suing Plaintiff in the 47th State District Court on an old GE Capital debt that has not been paid upon in over ten years and is time barred under Michigan's Statute of Limitations. **Please see Midland's lawsuit at Exhibit 1**.

3.

Defendants' own documents and field date report of the amount of the last payment show that the lawsuit was filed in violation of Michigan's Statute of Limitations:

| | |
|---|---|
| OPENDATE | 20070522 |
| CHGOFF_DATE | 20090410 |
| RMSLASTPMT | 20090315 |
| LASTPMTAMT | 470.00 |
| CURBAL | 17651.69 |

**See Field Data Report of Midland specifically at Exhibit 2 and generally in Exhibit 1**.

4.

Further, Defendant Midland has have filed an Affidavit (created by MCM) with the 47th District lawsuit that is signed by MCM Employees for Midland and states the amount allegedly

owed is different from the amount listed as the Current Balance (CURBAL) in Midland's Field Date Report at **Exhibit 2**. The Affiant from MCM, Denise Condon (an MCM employee) in the Affidavit at **Exhibit 3** swears under oath that:

4. MCM's records show that Defendant(s) owed a balance of $7,667.76 as of 2020-09-18.

5. The complete chain of title including GE MONEY BANK, the original creditor, (General Electric Capital Corporation, GE Money Bank, Retailer Credit Services In as selling entity), and all post charge-off purchasers of the debt are as follows:

   1. GE MONEY BANK          2009-04-30
   2. MIDLAND FUNDING LLC

I certify under penalty of perjury that the foregoing statements are true and correct.

SEP 30 2020
Date

Denise Condon

STATE OF MINNESOTA
COUNTY OF STEARNS

Signed and sworn to (or affirmed) before me on SEP 30 2020 by Denise Condon.



MICHAEL JAMES FULTZ-CAVANAUGH
NOTARY PUBLIC
MINNESOTA
My Commission Expires 01/31/2023

Notary Public

**Please see Midland's Affidavit specifically at Exhibit 3 and generally at Exhibit 1**.

5.

There is nothing Plaintiff Allen has done that would account for the differences in the Current Balances on the Data Sheet at **Exhibit 2** and the amount owed in the Affidavit at **Exhibit 3** as Ms. Allen has not made any payments on the debt since 2010 when she was unable

to pay the debt to the Original Creditor, GE Capital. **Please see Plaintiff's Affidavit at Exhibit 4**.

6.

Defendants' principal purpose of its business is the collection of old debt and collects, attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors under the FDCPA.

7.

Midland and MCM are a "debt collector" as defined by 15 U.S.C. Sec. 1692a (6). In *Barbato v. Greystone Alliance, L.L.C.*, 2019 WL 847920 (3d Cir. Feb. 22, 2019), the Third Circuit held that a debt buyer is a debt collector under the "principal purpose" prong, holding that "an entity that otherwise meets the 'principal purpose' definition cannot avoid the dictates of the FDCPA merely by hiring a third party to do its collecting."

8.

Defendants' violations with respect to its written communications in the form attached as **Exhibit 1, Exhibit 2 and Exhibit 3** include, but are not limited to, the following:

a. Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. Sec. 1692e; and

b. Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. Sec. 1692e (10); and

c. Creating a false representation through a lawsuit and Affidavit that of the character, amount, or legal status of the debt in the lawsuit in violation of 15 U.S.C. Sec. 1692e(2)(A); and

d. Suing the Plaintiff on a debt that is time barred under Michigan's Statute of Limitations (MCL 600.5708 *et seq*) in violation of 15 U.S.C. Sec. 1692e (5).

9.

In suing Ms. Allen on a time barred debt, Defendant Midland, to increase their business and profits, have knowingly chosen to use debt collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage of those debt collectors who have chosen to abide by the law and refrain from using those same unlawful debt collection practices.

### III. PARTIES

10.

Defendant Midland is a debt collector organized as a Michigan Limited Liability Company with its Resident Agent being Midland Credit Management, Inc at 320 East Big Beaver, Suite 300, Troy, MI, 48083 and Defendant MCM is a debt collector organized as a Michigan Limited Liability Company with its Resident Agent being Midland Funding, LLC at 320 East Big Beaver, Suite 300, Troy, MI, 48083 and are a collection agency collecting consumer debts under the FDCPA and RCPA. The alleged debt being collected by Midland is a "debt" as defined by 15 U.S.C. §1692a (5). The alleged GE Capital debt is a "consumer debt" as defined by the RCPA under MCL 445.251(a).

11.

Plaintiff is a resident of the City of Farmington Hills, Oakland County, State of Michigan and considered a Consumer under the FDCPA and RCPA.

### IV. JURISDICTION AND VENUE

12.

Jurisdiction arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337. This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here. Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367. *Baltierra v. Orlans Associates PC*, No. 15-cv-10008 (E.D. Mich. Oct. 7, 2015).

13.

The factual basis of the RCPA claim is the same as the factual basis of the FDCPA claim and this district court has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). *Lovelace v. Stephens & Michaels Assocs., Inc.*, No. 07-10956, 2007 WL 3333019, at *2 (E.D. Mich. Nov. 9, 2007) (stating that FDCPA claims and RCPA claims are simply duplicates and "need not be addressed separately").

14.

Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and the Defendants are subject to personal jurisdiction in the State of Michigan at the time this action is commenced.

## V. STATUTORY STRUCTURE
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

15.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

16.

Plaintiff is a consumer under the FDCPA. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a (3).

17.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a (5).

18.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a (6). Defendants are a debt collector.

19.

The Defendant regularly attempts to collect consumer debts alleged to be due another and are a debt collector as provided in 15 U.S.C. 1692a (6). The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.

20.

Section 1692e provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1) -(16). Among the *per se* violations prohibited by that section are using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e (10).

**REGULATION OF MICHIGAN COLLECTION PRACTICES ACT (RCPA)**

21.

The Regulation of Michigan Collection Protection Act (RCPA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

22.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

23.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a

person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

24.

Defendants are regulated agencies under the RCPA. See *Misleh* v *Timothy E. Baxter & Associates*, 786 F Supp. 2d 1330(E.D. Mich 2011; *Newman v. Trott & Trott, PC*, 889 F. Supp. 2d 948 - Dist. Court, ED Michigan 2012; *Baker v. Residential Funding Co.,* LLC, 886 F. Supp. 2d 591 - Dist. Court, ED Michigan 2012.

25.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium. "Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt. "Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

26.

"Person" means an individual, sole proprietorship, partnership, association, or corporation. Defendant is a regulated person under § 445.251(g)(xi). Defendant is violating the following RCPA subsections:

**445.252 Prohibited acts.**

(a) Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau; and

(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt; and

(f) Misrepresenting in a communication with a debtor 1 or more of the following:

(i) The legal status of a legal action being taken or threatened.

(ii) The legal rights of the creditor or debtor.

(iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property; and

(n) Using a harassing, oppressive, or abusive method to collect a debt…

(q) Failing to implement a procedure designed to prevent a violation by an employee.

27.

The Plaintiff seeks Statutory Damages, Actual Damages, Injunctive Relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Action context, pursuant to the FDCPA and RCPA and all other common law or statutory regimes. The Plaintiff requests that she be awarded against Defendants:

a. Actual Damages suffered by the Plaintiff from false collection attempts bring back stress and fear from being sued on a time barred debt not paid upon beyond Michigan's Statute of Limitations; and

b. Injunctive Relief stopping Defendants from continuing their plan and scheme through debt collection of false, time barred debts as alleged here; and

c. Attorney fees and costs under the FDCPA and RCPA.

## VI. CLAIMS FOR RELIEF

**Count 1-Fair Debt Collection Practices Act as to MIDLAND and MCM**

**(15 U.S.C. 1692e and 1692e (10)**

28.

Plaintiff realleges the aforementioned paragraphs. Defendants have violated the FDCPA.

29.

As stated above, Defendants violated 15 U.S.C. 1692e and 15 U.S.C 1692e (10) by using false, deceptive, and misleading representations and means to sue Ms. Allen in 47th District Court. **Please see Exhibit 1-4**.

30.

Defendants sued Ms. Allen on a time barred debt in violation of Michigan law and the FDCPA. **Please see Exhibit 1-4**.

31.

Midland and MCM's actions present a risk of harm to the FDCPA's goal of ensuring that consumers are free from deceptive debt-collection practices and providing an equal playing field for all debt collectors who have chosen to abide by the law and refrain from using those same unlawful debt collection practices.

32.

Because of Defendants' material and wrongful conduct, Plaintiff has suffered statutory, actual, emotional, and financial damages and seeks their attorney fees and costs under the FDCPA. **Please see Exhibit 1-4**.

33.

Plaintiffs seek judgment against the Defendants in whatever amount that Plaintiff is entitled to plus statutory, actual, and consequential damages and the costs and expenses of this action.

**Count 2-Fair Debt Collection Practices Act as to MIDLAND and MCM**

**(15 U.S.C. 1692e (5)**

34.

Plaintiff realleges the aforementioned paragraphs. Defendants have violated the FDCPA.

35.

Defendants purposely created materially deceptive legal documents that depended on exhibits that did not properly support the lawsuit filed against Ms. Allen in the 47th District Court with their intent to not follow Michigan and Federal law.

36.

Defendants sued Plaintiff, Ms. Allen upon a debt that was time barred debt barred under Michigan's Statute of Limitations (MCL 600.5708 *et seq*) in violation of 15 U.S.C. Sec. 1692e (5).

37.

Defendants' actions in suing upon the time barred debt presents a risk of harm to the FDCPA's goal of ensuring that consumers are free from deceptive debt-collection practices and providing an equal playing field for all debt collectors who have chosen to abide by the law and refrain from using those same unlawful debt collection practices.

38.

Because of Defendants' material and wrongful conduct, Counter Plaintiffs have suffered statutory, actual, emotional, and financial damages and seeks their attorney fees and costs under the FDCPA. **Please see Exhibit 1-4**.

39.

Plaintiffs seek judgment against the Defendants in whatever amount that Plaintiffs are entitled to plus statutory, actual, and consequential damages and the costs and expenses of this action.

### Count 3-Fair Debt Collection Practices Act as to MIDLAND and MCM
### (15 U.S.C. 1692e(2)(A)

40.

Plaintiff realleges the aforementioned paragraphs. Defendants have violated the FDCPA.

41.

The Defendants have violated 15 U.S.C. §1692e(2)(A) in falsely misrepresenting that Midland had a legal right to sue Plaintiff upon time a debt it knew to be time barred and falsely mis-characterized the amount owed when it filed the lawsuit in the 47th District Court.

42.

MIDLAND's lawsuit at **Exhibit 1** created a "substantial" risk that Ms. Allen would be defaulted on a lawsuit if she failed to Answer it, yet she was forced to incur great costs and emotional distress in Answering the lawsuit that was illegal. **Please see Exhibit 1-4**.

43.

Because of Defendants' material and wrongful conduct, Counter Plaintiff has suffered statutory, actual, emotional, and financial damages and seeks their attorney fees and costs under the FDCPA. **Please see Exhibit 1-4**.

44.

Plaintiffs seek judgment against the Defendants in whatever amount that Plaintiffs are entitled to plus statutory, actual, and consequential damages and the costs and expenses of this action.

**Wherefore**, Plaintiffs seeks judgment against Defendants for:

a. Statutory and Actual damages for Plaintiff s. **Please see the Affidavit at Exhibit 4**; and

b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3) with a judicial review; and

c. Actual Damages in the form of the required elevated responses, stress, and out of pocket costs of having to respond to a false debt collection at **Exhibit 1**; and

d.      Such further relief as the court deems just and proper

### Count 4-Michigan Collection Practices Act as to MIDLAND and MCM

45.

Defendants have violated the RCPA. Defendants' violations of the RCPA include, but are not necessarily limited to, the following:

a.      Defendants violated MCLA 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, using **Exhibit 1** as mentioned above; and

b.      Defendants violated MCLA 445.252(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt when it is made in connection with collecting a debt at (*Exhibit 1-4);* and

c.      Defendants violated MCLA 445.252(f) Misrepresenting in a communication with a debtor 1 or more of the following:

    (i)      The legal status of a legal action being taken or threatened.

    (ii)     The legal rights of the creditor or debtor at (*Exhibit 1*).

    d.  Defendants violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee by continuing collection efforts through a lawsuit that lacked any proof that MIDLAND had a right to collect on the debt through a lawsuit; and

e.      Defendants violated MCLA 445.252(b) by creating false documents designed to simulate the appearance of the proper right to sue upon the debt when the same was not true (*Exhibit 1)* and

f.      Defendants violated MCLA 445.252(a) by communicating with debtors in a deceptive manner. (*Exhibit 1-4).*

      **Wherefore**, Plaintiffs seeks judgment against Defendants for:

a. Statutory damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2), *(Exhibit 1-4)*; and

b. Equitable, declaratory, and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the RCPA, as well as an injunction, enjoining Defendants from using (*Exhibits 1*) which violates Michigan law; and

c. Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2) with judicial sanction.

d. Actual Damages in the form of the required elevated responses, stress, and out of pocket costs of having to respond to false debt collection attempts *(Exhibit 4)*.

## VII   I. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

Respectfully submitted,

January 27, 2021

s/Brian P. Parker
BRIAN P. PARKER (P48617)
Attorney for Plaintiff